FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 18 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLIFTON EUGENE SCOTT,<br><br>        Petitioner,<br><br>v.<br><br>DEBRA DEXTER, Warden,<br><br>        Respondent. | No. CV 07-5947-CAS (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

    IT IS ORDERED that Judgment be entered denying the Petition and dismissed this action with prejudice.

DATED: 8/14/08

                                        CHRISTINA A. SNYDER
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON EUGENE SCOTT,<br>Petitioner,<br>v.<br>DEBRA DEXTER, Warden,<br>Respondent. | NO. CV 07-5947-CAS (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///
///

## I.

## **SUMMARY OF PROCEEDINGS**

On November 14, 2000, a Los Angeles County Superior Court jury convicted Petitioner of second degree murder, and found he used a knife during the commission of the crime. (Petition at 2; Motion to Dismiss ("MTD") at 1.) On January 5, 2001, after finding Petitioner had a prior serious felony conviction, the trial court sentenced him to 36 years to life. (*Id.*) On May 2, 2002, the California Court of Appeal affirmed Petitioner's conviction in an unpublished decision. (Lodged Document ("LD") 3.) On August 14, 2002, the California Supreme Court denied review without explanation. (LD 5.)

On February 2, 2006, Petitioner signed a state habeas petition, which was filed on February 23, 2006, in the Los Angeles Superior Court, and which was denied on March 14, 2006. (LD 6 at 1, 6; LD 7.) On May 17, 2006, Petitioner signed a state habeas petition, which was filed on May 22, 2006, in the California Court of Appeal, and which was denied on June 15, 2006, without explanation. (LD 8 at 1, 6; LD 9.) On September 28, 2006, Petitioner signed a state habeas petition, which was filed on October 3, 2006, in the California Supreme Court, and which was denied on April 18, 2007, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998).[1] (LD 10 at 1, 6; LD 11.)

On September 13, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in which Petitioner raised eight grounds: (1-2) instructional error; (3) failure to apply the imperfect defense defense; (4) insufficient evidence; (5) ineffective assistance of appellate counsel; (6) erroneous exclusion of expert testimony; (7) erroneous exclusion of third-party culpability evidence; and (8) cumulative error. (Petition at 5-6.)

---

[1] The court's citation to page 780 of *In re Robbins* is a clear indication that the petition was considered untimely. See *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

On March 28, 2008, Respondent filed a motion to dismiss ("MTD") the petition because it is time-barred. On May 30, 2008, Petitioner filed an opposition.

This matter was taken under submission and is now ready for decision.

## II.

## DISCUSSION

### A.   Summary of Facts

The following is a summary of the California Court of Appeal's recital of the facts on direct review. (LD 3 at 2-3.)

On October 12, 1998, at about 8:10 p.m., Officer Sainbarg found Green lying on the ground outside the Townhouse bar. He was covered with blood and unresponsive. Sainbarg saw a blood trail leading from Green through a parking lot to an area outside a Vons supermarket.

At about 8:30 p.m. on the same evening, Zuno, a Vons supervisor, found blood drops on the floor of the store about 15 feet from an exit door. According to store logs, the floor had been cleaned that evening between 7:00 and 7:15 p.m. and again between 8:00 and 8:15. The blood on the floor was later determined to be Petitioner's.

Green died from multiple stab wounds.

On November 22, 1998, Petitioner told Johnson, a family friend, that he had stabbed Green. Petitioner said he had gone to the bar with his brother-in-law. Petitioner and Green had a fight while gambling. Green slapped off Petitioner's eyeglasses and then kicked Petitioner as he bent over to pick up the glasses. During a second fight, Petitioner told Green they should go outside and "handle this like two men." After they went outside, Petitioner "lost it" and stabbed Green.

///
///

B.  **Statute of Limitations**

The petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies AEDPA in its review of this action. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

AEDPA has a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on a date set in § 2244(d)(1)(B)-(D).

Petitioner's conviction became final on November 12, 2002, ninety days after the California Supreme Court denied review. (LD 5); *see Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, absent tolling, the statute of limitations expired on November 12, 2003.

1.  **Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

There was no tolling from the time Petitioner's conviction became final on November 12, 2002, to the constructive filing of the first state habeas petition on February 2, 2006 (LD 6), because no case was "pending" during that interval. *See Thorson,* 479 F.3d at 646.

The first state habeas petition before the Los Angeles Superior Court (LD 6), which was constructively filed on February 2, 2006, did not toll or revive the limitations period, which had expired on November 12, 2003. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period expired does not toll or revive the expired limitations period), *cert. denied*, 541 U.S. 1078 (2004).

4

Accordingly, the petition remains time-barred.

### 2. Equitable Tolling

The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005) (citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation and internal quotation marks omitted). "Equitable tolling is justified in few cases, though. Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation marks omitted).

Petitioner argues that he is entitled to equitable tolling "after November 9, 2004." (Opposition at 5.) However, by that time, the statute of limitations had already expired on November 12, 2003. Therefore, equitable tolling does not help Petitioner. The petition is time-barred.

### 3. The Discovery Rule

The statute of limitations may alternatively begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner contends he did not discover Grounds 1 through 5 until November 9, 2004, through the help of a fellow inmate. (Opposition at 4.) Petitioner argument under § 2244(d)(1)(D) is flawed. The discovery rule applies when a petitioner discovers the *factual* predicate for a claim. "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254

F.3d 1150, 1154 n.3 (9th Cir. 2001). Here, Petitioner knew, or through diligence could have discovered, the factual predicate of his claims during the trial. Petitioner does not allege he learned any new facts after trial (as distinguished from learning the legal significance of those facts).

Moreover, Petitioner has failed to establish that he acted with due diligence. Petitioner concedes that he was aware of the deadline for filing a federal habeas petition. (Opposition at 4; Petition, Exh. A.) The Petition attaches an attorney's letter, dated October 6, 2003, advising Petitioner to file a state habeas petition in superior court in order to stop the clock from running even if he did not hire an attorney. (Petition, Exh. A at 1-2.) Petitioner does not explain his failure to do so.

The Petition attaches a letter dated June 17, 2004, from the attorney returning Petitioner's paperwork in response to a letter from Petitioner. (Petition, Exh. B.) Petitioner does not state when he requested return his paperwork and, therefore, there is no showing of due diligence. Mere delay in obtaining transcripts does not serve as a basis for overcoming the statute of limitations in this case. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("lack of transcripts [does] not actually make it impossible" to file a habeas petition); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he state's alleged refusal here to provide [petitioner] with a complete transcript does not justify equitable tolling"), *cert. denied*, 537 U.S. 1121 (2003); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable tolling).

Accordingly, the petition is time-barred.

### 4. Actual Innocence

Petitioner also claims, in conclusory fashion, that he is innocent "as to the charged offenses." (Opposition at 5.)

///

The Ninth Circuit has not yet decided whether actual innocence can overcome the AEDPA's one-year statute of limitations. *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court").

Even assuming actual innocence could provide relief under some theory, the actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (citation omitted).

Under actual innocence, a petitioner "must establish that, *in light of new evidence*, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Bell*, 547 U.S. at 536-37 (citation omitted) (emphasis added). To do so, Petitioner must present "*new reliable evidence*" not presented in the context of trial. *Id.* at 537 (emphasis added). Then, based on all of the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner's argument is conclusory and does not identify any new evidence not presented to the jury. (Opposition at 5.) *See also Smith v. Baldwin*, 510 F.3d 1127, 1139-46 (9th Cir. 2007) (en banc) (evaluating impact of new evidence); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (requiring new evidence that was not introduced to the jury at trial), *cert. denied,* 541 U.S. 998 (2004). Under these circumstances, an "actual innocence" argument does not overcome the statute of limitations.

///

The Supreme Court has made clear that the actual innocence standard is not satisfied by a claim of insufficient evidence. *Bell*, 547 U.S. at 538. Petitioner does not dispute that he killed Green. (Petition at 29.) According to Petitioner, there was insufficient evidence to convict him of murder; "at worst . . . [he] committed, if anything, manslaughter." *Id.* Petitioner's insufficient evidence argument does not satisfy the actual innocence standard.[2]

Accordingly, his petition remains time-barred.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: July 16, 2008

　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] For the same reason, Petitioner cannot overcome the statute of limitations under the more stringent freestanding innocence standard. The Supreme Court has left open the question of whether a freestanding innocence claim exists and, if so, whether it would apply in a non-capital case. *Bell*, 547 U.S. at 554-55; *Herrera v. Collins*, 506 U.S. 390, 405, 417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). The Ninth Circuit has assumed that a freestanding innocence claim is possible but has articulated that, at a minimum, "'a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" *Osborne v. District Attorney's Office*, 521 F.3d 1118, 1130-31 (9th Cir. 2008) (citation omitted), *petition for cert. filed*, June 27, 2008. Petitioner makes no such showing.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.